J-A01045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM HAIRSTON | : | |
| | : | |
| Appellant | : | No. 3204 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 16, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008809-2021

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED APRIL 3, 2025**

Kareem Hairston appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a non-jury trial for the charge of possession of a firearm by a prohibited person. On appeal, Hairston challenges the denial of his pretrial suppression motion. We affirm.

During the suppression hearing, the Commonwealth presented the testimony of Philadelphia Police Officer Timothy Lebold. The trial court summarized the relevant facts as presented during the hearing as follows:

> Officer Lebold testified that, between January 19 and February 11, 2021, the Narcotics Field Unit was investigating "open-air narcotics sales" in the Kensington section of Philadelphia. According to Officer Lebold, that particular location is considered a high crime area, known for illegal narcotics activity. During the course of his investigation, Officer Lebold encountered [Hairston] three times.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 28, 2021, [Officer Lebold] observed [Hairston] engage in numerous hand-to-hand transactions on the 1800 block of E. Tusculum. Each transaction involved an exchange of United States Currency (USC) for small objects, which Officer Lebold described as clear baggies with knots at the end. On February 9, 2021, Officer Lebold saw [Hairston] remove a clear baggie from behind an abandoned SUV and hand it to a Hispanic male. [Hairston] and the unknown Hispanic male made numerous hand-to-hand transactions. Officer Lebold instructed an undercover officer to pose as a narcotics buyer in an effort to catch [Hairston] in the act. However, [Hairston] fled the area before the undercover officer could make a purchase.

Finally, on February 11, 2021, Officer Lebold saw [Hairston] on the 1800 block of E. Tusculum. According to Officer Lebold, [Hairston] removed a black object from his hoodie and placed it inside a black plastic bag. [Hairston] then put the plastic bag behind a fence located on the east side of the street. Officer Lebold instructed fellow officers to stop [Hairston] and seize the bag. Police detained [Hairston] and recovered a black, loaded Smith & Wesson handgun inside the plastic bag [Hairston] had placed behind the fence moments before.

Trial Court Opinion, 12/4/24, at 2-3. Following Hairston's arrest, the Commonwealth charged Hairston with violations of the Uniform Firearms Act, and multiple drug related offenses. Following a pretrial hearing, the drug charges were dismissed for lack of evidence. Three violations of the Uniform Firearms Act were held for court, including possession of a firearm prohibited, 18 Pa.C.S.A. § 6105.

Prior to trial, Hairston filed a motion to suppress physical evidence. In his suppression motion, Hairston claimed physical evidence was obtained in violation of his rights under the United States Constitution and the Pennsylvania Constitution. *See* Motion to Suppress Physical Evidence,

3/24/22. Specifically, Hairston argued he was subjected to an illegal search because: (1) police lacked probable cause to believe he was engaged in criminal activity or had committed a criminal act; and (2) the investigative detention was improper, as police lacked any reasonable suspicion to suspect criminal activity was occurring. *See id.* He therefore claimed, "[t]he Commonwealth cannot establish any circumstances that would provide a legitimate factual basis for the detention and search of defendant and seizure of physical evidence." *See id.*

On March 25, 2022, following the suppression hearing, the court denied the motion to suppress. Hairston agreed to immediately proceed with a nonjury trial. The Commonwealth incorporated into the trial record the non-hearsay testimony and an exhibit from the suppression hearing and presented additional testimony. *See id.* at 46-53. Upon the conclusion of the Commonwealth's case-in-chief, Hairston made a motion for a judgment of acquittal. *See id.* at 53. The trial court then mistakenly announced a guilty verdict upon ruling on that motion where Hairston had not been permitted the opportunity to present a defense. *See id.* at 55. To remedy the error, the court recused itself from the matter and referred the matter to be reassigned for trial before another jurist. *See id.* at 56.

The rescheduled trial took place before a new judge on June 6, 2022, and concluded with Hairston being convicted of the above-referenced

offenses. Sentencing was deferred for preparation of a pre-sentence investigation report and a mental health evaluation.

On November 16, 2022, the court sentenced Hairston to 5 to 10 years' imprisonment. No post-sentence motions were filed. This timely appeal followed. However, due to prior counsel's failure to file a 1925(b) concise statement, this Court remanded this case to the trial court, directing that new counsel be appointed and that new counsel obtain missing notes of testimony and to subsequently file a 1925(b) statement. We also directed the trial court to file an updated 1925(a) opinion. New counsel was subsequently appointed and both counsel and the trial court have complied with Pa.R.A.P. 1925.

Hairston raises the following issue on appeal:

1. Whether the [trial] court erred and abused its discretion when it denied [Hairston]'s motion to suppress physical evidence by order of March 25, 2022 since the Commonwealth failed to demonstrate the constitutional muster of the stop, custodial detention, and warrantless search of [Hairston] and the subsequent search of his property that violated the Fourth Amendment of the United States Constitution and Article I, Section Eight and Nine of the Pennsylvania Constitution, in violation of his rights against unreasonable searches and seizures?

    A. Based on the totality of circumstances, there was no reasonable suspicion nor probable cause to stop and detain [Hairston] and conduct a warrantless search of his person and property.

    B. Criminal activity was not afoot.

    C. Mere suspicion is not a substitute for probable cause.

    D. [Hairston] did not consent to the search of his person or property

Appellant's Brief, at 6.

When this Court reviews the denial of a suppression motion, we are limited to reviewing only the evidence presented at the suppression hearing. *See Commonwealth v. Carey*, 249 A.3d 1217, 1223 (Pa. Super. 2021). We look to see whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. *See id*. While we are bound by the suppression court's factual findings if they are supported by the record, we are not bound by the suppression court's legal conclusions. *See id*. To the contrary, it is our duty to determine if the suppression court properly applied the law to the facts. *See id*.

We note the suppression court did not enter any findings of fact either orally on the record at the suppression hearing, or along with its order denying the motion to suppress. However, the trial court has summarized the facts as presented during the suppression hearing in its opinion on appeal, and we find the record supports the court's recitation of the facts. As such, we focus our attention on the propriety of the suppression court's legal conclusions.

Hairston frames the issue on appeal in terms that the police lacked reasonable suspicion or probable cause to conduct a stop. In making his argument, Hairston argues the gun found was not in plain view; the police officer was not conducting a pat-down search for his safety; and there were no exigent circumstances to support the warrantless search.

Hairston did not present any of these arguments in either his motion to suppress or on the record during the suppression hearing. In fact, we find these arguments confusing, as the Commonwealth has never argued the gun was found in plain view, that it was recovered as part of a protective pat-down search, or that any exigent circumstances existed. Rather, the Commonwealth has always maintained the recovery of the gun was legal because it was abandoned by Hairston prior to its recovery; the trial court's suppression decision was also based on the finding that the gun was abandoned. Notably, Hairston's appellate brief contains no argument related to this finding.

Accordingly, we find any arguments involving the plain view doctrine, or lack of a pat-down search or exigent circumstances to be waived. **See** Pa.R.A.P. 302(a); **Commonwealth v. Jefferson**, 256 A.3d 1242, 1252 (Pa. Super. 2021) (providing new and different theories of relief to support the suppression of evidence may not be raised for the first time on appeal); **Commonwealth v. Thur,** 906 A.2d 552, 566 (Pa. Super. 2006) (providing when a defendant "raises a suppression claim to the trial court and supports that claim with a particular argument or arguments, the defendant cannot then raise for the first time on appeal different arguments supporting suppression") (citation omitted).

We further note that at the suppression hearing, defense counsel maintained that Officer Lebold did not have probable cause to stop and arrest Hairston on the date in question because he did not view Hairston doing

anything illegal on that date. **See** N.T., Suppression Hearing, 3/25/22, at 5, 32. However, on appeal, current counsel conversely admits "a protective pat-down search of [Hairston] was warranted since the Police Officer believed that he witnessed a narcotics transaction." Appellant's Brief, at 15. We admittedly find this reversal somewhat confusing, especially in light of current counsel's related statements that the "search of Hairston's person and seizure of the gun found on his person was illegal" and that Officer Lebold "illegally searched Appellant and found the gun." **Id.** This is simply not what occurred here. The gun was not recovered from a search of Hairston's person but rather was found in a bag along a fence line a few feet away from Hairston. The gun was not on Hairston's person at any point during his interaction with the police.

As Hairston has seemingly conceded that, at the very least, a protective pat-down search was warranted, the only question we must consider is whether the officer lawfully recovered the gun.

Here, the suppression court concluded "the bag was abandoned by [Hairston], and what was retrieved from it is also abandoned. So I'm certainly not suppressing that." N.T., Suppression Hearing, 3/25/22, at 41. We agree with the suppression court.

"[A] criminal defendant has no privacy expectation in property that he has abandoned." **Commonwealth v. Barnette**, 760 A.2d 1166, 1170 (Pa. Super. 2000) (citation omitted). As Hairston abandoned his privacy interest in the plastic bag, a search absent a warrant was lawful.

> Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the time of the alleged abandonment should be considered. The issue is not abandonment in the strict property-right sense but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*Id*. at 1170-1171 (citations and emphasis omitted).

The record is clear that Hairston took an object from his hoodie, placed that object in a black plastic bag, and then placed that bag under the fence line of an abandoned lot. It would be difficult to think of a clearer expression of abandonment.

Based on the above, Hairston has failed to convince us that his claim that the suppression court erred by denying his motion to suppress warrants any relief.

Judgment of sentence affirmed.

President Judge Lazarus joins the memorandum.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/3/2025